IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

   v.

**WARREN L. WEISMAN,**

      Defendant.

No. 6:19-cr-00421-AA

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on a Motion to Dismiss filed by Defendant Warren L. Weisman. ECF No. 61. For the reasons set forth below, the motion is DENIED.

## BACKGROUND

On November 1, 2018, Weisman was charged by complaint with making threats via interstate communications in violation of 18 U.S.C. §§ 875(c) and 2261A. ECF No. 1. Weisman's first appearance was held on November 5, 2018. ECF No. 7. On November 9, 2018, and again on December 18, 2018 Weisman waived sixty days

under the Speedy Trial Act. ECF Nos. 12, 19. Weisman was subsequently indicted on September 18, 2019. ECF No. 48.

On November 7, 2018, the Government filed a Motion for Competency Examination. ECF No. 8. An Order for Competency Evaluation and Psychiatric Exam was entered on November 15, 2018. ECF No. 14. On December 18, 2018, Weisman filed a Notice of Insanity Defense. ECF No. 18. On March 8, 2019, Weisman was committed to the custody of the Attorney General for treatment related to competency and determination of sanity. ECF No. 31.

Weisman was transported to FMC Butner on May 1, 2019 for restoration of competency. The staff at FMC Butner determined that Weisman required medication in order to restore his competency, but Weisner refused to take the medication. On October 2, 2019, the Government filed a Motion to Compel Involuntary Medication. ECF No. 53. An evidentiary hearing was held on November 12, 2019. ECF No. 57. On January 24, 2020, the Court granted the motion and ordered the Government to file a status report on May 4, 2020 updating the Court on Weisman's condition. ECF No. 58. On April 18, 2020, Weisman filed the instant motion, asserting that delays in this case had violated his right to a speedy trial.

## DISCUSSION

Weisman contends that the delays in this case have violated his right to speedy trial under the Speedy Trial Act and the Sixth Amendment, as well has his due process rights under the Fifth Amendment.

## I. Speedy Trial Act

The Speedy Trial Act ("STA"), 18 U.S.C. § 3161, requires that a defendant "must be brought to trial within seventy days after the indictment or arraignment (whichever comes later) of the last defendant." *United States v. King*, 483 F.3d 969, 972 (9th Cir. 2007).

But certain time is excluded from STA's seventy-day period. 18 U.S.C. § 3161(h). As relevant to the present motion, this includes any period of delay "resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant," under 18 U.S.C. § 3161(h)(1)(A), and "any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial," under 18 U.S.C. § 3161(h)(4). In *United States v. Romero*, 833 F.3d 1151 (9th Cir. 2016), the Ninth Circuit held: "On its face, this provision [18 U.S.C. § 3161(h)(4)] is absolute; any period during which trial cannot commence because of a defendant's incompetence must be excluded." *Id.* at 1154. "[T]he Speedy Trial Act unambiguously requires the exclusion of all time during which a defendant is incompetent to stand trial." *Id.* at 1155. "Because this is so, other delays that may or may not occur during a period of incompetence are irrelevant to the Speedy Trial Act calculation; they cannot change the statutory bottom-line." *Id.*

In February 2019, Weisman was found to be incompetent and committed to the care of the Attorney General for competency restoration. ECF No. 24, 31.

Under *Romero*, nearly all of the time challenged by Weisman is excluded from the STA calculations. In his Reply, ECF No. 67, Weisman concedes that *Romero* is binding on this Court, but preserves his objection that *Romero* was wrongly decided. Consistent with *Romero*, the Court concludes that there has been no violation of the Speedy Trial Act.

**II. Sixth Amendment**

Weisman also asserts that his Sixth Amendment rights have been violated by the delay of more than ten days in transporting Weisman to FMC Butner. In determining whether a defendant has been deprived of the Sixth Amendment right to a speedy trial, courts consider the following factors: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice resulting from the delay." *Barker v. Wingo*, 407 U.S. 514, 531-33 (1972). "The reason for the delay, however, is the 'focal inquiry.'" *United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (quoting *United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 739-40 (9th Cir. 1989)).

The Ninth Circuit has held that the "Speedy Trial Act affords greater protection to a defendant's right to a speedy trial than is guaranteed by the Sixth Amendment, and therefore a trial which complies with the Act raises a strong presumption of compliance with the Constitution." *United States v. Baker*, 63 F.3d 1478, 1497 (9th Cir. 1995). Accordingly, "it will be an unusual case in which the time limits of the Speedy Trial Act have been met by the sixth amendment right

speedy trial has been violated." *King*, 483 F.3d at 975 (internal quotation marks and citations omitted).

"The *Barker* inquiry begins by considering whether the time between accusation—whether by arrest of indictment—and trial 'has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay'" *United States v. Smith*, 494 F. Supp.3d 772, 783 (E.D. Cal. 2020) (quoting *Doggett v. United States*, 505 U.S. 647, 652 (1992)). "There is no bright-line time limit dividing the lengths that trigger further *Barker* inquiry from those that do not, however, a delay of around one year is considered presumptively prejudicial, and the presumption that delay prejudices the defendant intensifies over time." *Id.* In this case, Weisman was arrested on November 5, 2018 and, as no trial has yet taken place, the Court concludes that the first *Barker* factor is satisfied.

The second *Barker* factor, which is the "focal inquiry" is the reason for delay. There is no clearly defined rule, but courts weigh various considerations such as "whether the government or the criminal defendant is more to blame for the delay." *United States v. Myers*, 930 F.3d 1113, 1119 (9th Cir. 2019) (internal quotation marks and citation omitted, alterations normalized). "[A] good-faith, reasonable justification for the delay, such as a missing witness, or a meritorious interlocutory appeal, will weigh less heavily against the government or not weigh against the government at all." *Id.* at 1119-20 (internal citation omitted). In this case, the delay is caused by Weisman's incompetency and attempts to restore competency by treatment. Although issues of mental health are not helpfully addressed in terms of

Page 5 – OPINION & ORDER

"fault" by either party, the Court concludes that the Government has presented a good faith and reasonable justification for the delay, which does not weigh against the Government.

The third *Barker* factor is whether the defendant asserted his right to a speedy trial. "If the defendant fails to assert the right, it will be difficult for a defendant to prove he was denied a speedy trial," although the failure to do so is not per se fatal." *Myer*, 930 F.3d at 1120 (internal quotation marks and citation omitted). In this case, Weisman asserted his right to a speedy trial by motion after the Court ordered that he be involuntarily medication while at FMC Butner. The Court concludes that this factor does not weigh against Weisman.

The final *Barker* factor considers whether the defendant was prejudiced by the delay. "In considering this factor, a court should evaluate the three interests the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired." *Myer*, 930 F.3d at 1120 (internal quotation marks and citation omitted). "Of these three interests, the most serious is the last, because the inability of a defendant to adequately prepare his case skews the fairness of the entire system." *Id.* The Court concludes that the application of this factor, which concerns Defendant's competency to stand trial and efforts to restore his competency, does not not weigh in favor of a Sixth Amendment violation.

In sum, the Court concludes that the presumption that a delay that comports with the Speedy Trial Act will also comport with the Sixth Amendment applies and the so declines to dismiss the case on that basis.

### III. Fifth Amendment

Defendant argues that a delay of more than ten days in transporting him to the hospital violated his due process rights because, as Defendant argues, the delay violates the Speedy Trial Act. Def. Mot. 19. As discussed the previous section, the Court concludes that the delay did not violate the Speedy Trial Act. However, there remains the question of whether the delay was an independent violation of the Due Process Clause of the Fifth Amendment.

The Insanity Defense Reform Act ("IDRA") directs the Attorney General to "hospitalize the defendant for treatment in a suitable facility . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1). The Ninth Circuit has held that "the text of the statute makes clear that the four-month time limit applies only to the period of hospitalization, and thus begins to run when the defendant has been hospitalized." *United States v. Donnelly*, 41 F.4th 1102, 1105 (9th Cir. 2022). In *Donnelly*, the Ninth Circuit determined that, although an indefinite confinement would violate a defendant's due process rights, the duration of any pre-hospitalization commitment period "must bear some reasonable relation to its purpose." *Id.* at 1105-06.

The "two-step structure of § 4241(d)—commitment to the custody of the Attorney General, followed by a period of hospitalization—might require a pre-hospitalization commitment period to allow the Attorney General time to identify a suitable facility and arrange for the defendant's transportation to that facility," but "the duration of the pre-hospitalization commitment period must be limited to the time reasonably required to accomplish those tasks." *Donnelly*, 41 F.4th at 1106. The Ninth Circuit observed that it did not believe that the "reasonable relation" requirement "permits a pre-hospitalization commitment period, whose purpose is simply to identify an appropriate treatment facility and arrange for the defendant's transportation to that facility, to last longer than the maximum time Congress permitted for the period of hospitalization itself." *Id.*

In *Donnelly*, the defendant had been held for more than eight months awaiting hospitalization and was still awaiting hospitalization at the time of the Ninth Circuit's decision. *Donnelly*, 41 F.4th at 1106. The Ninth Circuit found that this exceeded the outer limit of what was permitted under § 4241(d) but determined that dismissal was not the appropriate remedy. *Id.* Instead, the Ninth Circuit remanded the case to the district court with instructions to order the Attorney General to hospitalize the defendant in a suitable facility within seven days. *Id.* at 1107. In so hold, the Ninth Circuit did not close the door on the possibility of dismissal as a sanction for similar violations, if a defendant could, for example, "show that the government's unreasonable delay amounts to the kind of flagrant misconduct warranting dismissal." *Id.*

Here, the delay in transporting Defendant amounted to 54 days. This, while certainly less than ideal, is substantially less than the delay considered in *Donnelly* and less than the four months the court identified as violating § 4241(d). The Court therefore concludes that there is no due process violation and dismissal is not warranted in this case.

## CONCLUSION

Defendant's Motion to Dismiss, ECF No. 61, is DENIED.

It is so ORDERED and DATED this  5th  day of June 2023.

                                         /s/Ann Aiken
                                         ANN AIKEN
                                         United States District Judge